Two matters have been reserved for the consideration of the court in this matter, namely the question of allowance to counsel for the complainant and the question as to whether complainant is entitled to collect an additional two per cent. on the amount of the tax lien involved.
An assessment was levied on certain property of defendant, a municipal corporation. This assessment was not paid, the property was sold for taxes and a tax lien acquired by the complainant. A bill to foreclose the lien was filed and thereafter defendant brought a certiorari proceeding in the supreme court, in an effort to vacate the assessment. The writ of certiorari was denied on the ground of laches and as the matter stands, the validity of the assessment is res adjudicata. The bulk of the amount due on the tax lien has been paid, leaving the questions above stated to be decided.
As to an allowance for counsel fee, complainant's counsel contends that he is entitled not only to an allowance in his foreclosure proceeding, but to a reasonable allowance for his services in the certiorari proceeding. The latter contention is unsound, since this court has no authority to make any allowance outside of the proceeding before it. As to the allowance in the foreclosure proceeding, defendant contends that there can be no fee, since the foreclosure suit was instituted without giving ninety days' notice of intention so to do. The obvious purpose of this statute is to give the defendant an opportunity to redeem without the incurring of additional costs and expenses. There was, however, in the instant suit, a waiver of the requirement of any notice, since with knowledge of the claim, defendant, by its corporation counsel, notified complainant that it was the contention of the city that the assessment was invalid and that it would be contested. Under these circumstances, the ninety days' notice became an unnecessary formality and therefore the lack of notice is no defense to the present application. *Page 372 
The amount involved in the foreclosure is upwards of $20,000, and an allowance to complainant's counsel can be fixed on notice.
As to the extra two per cent. interest, this clearly comes within the express provision of section 44 of the Tax act, which provides that in case the taxes, interest and costs exceed the sum of $200, the holder of the tax title shall be entitled to collect from the owner, an additional sum equal to two per cent. of the amount paid for such tax title.
An order will be advised in accordance herewith.